William A. Nebeker, Esq., State Bar No. 04919
John H. Cline, Esq., State Bar No. 020129
**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
3200 North Central Avenue, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 256-0000
Facsimile: (602) 256-2488
nebeker@knchlaw.com
john.cline@knchlaw.com
*Attorneys for Defendants New Hampshire Insurance Company, Sedgwick Claims Management Services, Inc., Shirin Chowdhury*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| GREGG BRAVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>NEW HAMPSHIRE INSURANCE COMPANY; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC,<br><br>Defendants. | **No.**<br><br>**INDEX OF EXHIBITS TO DEFENDANTS' NOTICE OF REMOVAL** |

1. Maricopa County Superior Court Cover Sheet dated October 14, 2014;
2. Plaintiff's Complaint dated October 14, 2014;
3. Plaintiff's Certificate of Compulsory Arbitration dated October 15, 2014;
4. Summons for New Hampshire Insurance Co.;
5. Summons for Sedgwick Claims Management Services, Inc.;
6. Plaintiff's Demand for Jury Trial, dated October 13, 2014;
7. Affidavit of Service upon New Hampshire Insurance Co., and;
8. Affidavit of Service upon Sedgwick Claims Management Services, Inc.

DATED this 21st day of November 2014.

**KOELLER NEBEKER CARLSON & HALUCK, LLP**

By /s/ William A. Nebeker
William A. Nebeker, Esq.
John H. Cline, Esq.
*Attorneys for Defendants New Hampshire Insurance Company, Sedgwick Claims Management Services, Inc., and Shirin Chowdhury*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

By: */s/ Alice Ruiz*

**COPY** of the foregoing mailed this 21st day of November 2014 to:

Michael Patrick Doyle, Esq.
Patrick M. Dennis, Esq.
Kevin Wein, Esq.
DOYLE RAIZNER LLP
2929 E. Camelback Rd., Suite 126
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

By: /s/ Alice Ruiz

# 1

MICHAEL K. JEANES, CLERK
BY K Kee DEP
FILED
14 OCT 14 PM 1:51

**Superior Court of Arizona**
**In Maricopa County**

# CV2014-012593

(Please Type or Print)

**Plaintiff's Attorney:**
KEVIN WEIN

**Attorney's Bar Number:** 022752

**Is Interpreter Needed?** ☐ Yes ☒ No

**If yes, what language:** ____________

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

Plaintiff's Name(s): (List all)
GREGG BRAVERMAN

Plaintiff's Address:
C/O Doyle Raizner 2929 East Camelback Rd., Suite 126
Phoenix, AZ 85016

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List all.)

New Hampshire Insurance Co; Sedgwick Claims Management Services; Shirin Chowdhury; Lowes Home Centers, LLC

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: (if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction
☐ Provisional Remedy
☐ Election Challenge
☐ Other ____________

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an "X" next to the one case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) ____________

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures

☐137 Twenty or More Structures

(All other tax matters must be filed in the AZ Tax Court)

Case No. ______________

**150-199 OTHER CIVIL CASE TYPES:**

☐156 Eminent Domain/Condemnation
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name
☐153 Transcript of Judgment
☐154 Foreign Judgment
☐158 Quiet Title
☐160 Forfeiture
☐175 Election Challenge
☐179 Employer Sanction Action (A.R.S. §23-212)
☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights **(Not General Stream Adjudication)**
☐187 Real Property
☐Sexually Violent Persons (A.R.S. §36-3704) (Except Maricopa County)
☐Minor Abortion (See Juvenile in Maricopa County)
☐Special Action Against Lower Courts (See lower court appeal cover sheet in Maricopa)
☐194-Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**

☐Notice of Appeal pursuant to A.R.S. § 12-904 (formerly "Administrative Review") (Use lower court appeal cover sheet in Maricopa)
☐150 Tax Appeal

☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute - Other
☐159 Restoration of Civil Rights (Federal)
☐159 Clearance of Records (A.R.S. §13-4051)
☐190 Declaration of Factual Innocence**(A.R.S.§12-771)**
☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain–Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute - Discrimination
☐185 Employment Dispute - Other
☐195(a) Amendment of Marriage License
☐195(b) Amendment of Birth Certificate
☒163 Other Bad Faith (Specify)

**COMPLEXITY OF THE CASE**

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

______________________________________

______________________________________

Additional Defendant(s)

______________________________________

______________________________________

**2**

MICHAEL K. JEANES
Clerk of the Superior Court
By Kristy Kee, Deputy
Date 10/14/2014 Time 13:55:52
Description Amount
--------- CASE# CV2014-012593 ---------
CIVIL NEW COMPLAINT 319.00
TOTAL AMOUNT 319.00
Receipt# 24083388

Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiff*

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126♦ Phoenix, AZ 85016
Phone: 480 447 2494 ♦ Fax: 480 685 5005

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| GREGG BRAVERMAN, Plaintiff, v. NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC; Defendants. | Case No. CV2014-012593<br><br>**COMPLAINT** |

The Plaintiff, GREGG BRAVERMAN, by and through his attorney undersigned, and for his complaint against the Defendants, does hereby state, aver, and allege as follows:

1. All acts out of which this complaint arises occurred or were committed in the State of Arizona.

## I. PARTIES

2. Plaintiff GREGG BRAVERMAN ("Mr. Braverman") is a resident and citizen of the State of Arizona.

3. Defendant NEW HAMPSHIRE INSURANCE CO. ("NEW HAMPSHIRE") upon information and belief, is a corporation insuring Arizona employees for coverage under the Arizona

Workers' Compensation Act, A.R.S. § 23-901, *et seq.*  NEW HAMPSHIRE conducts business in the District of Arizona.

  a. Service of process may be effected on NEW HAMPSHIRE by certified mail, return receipt requested, through the Arizona Department of Insurance, its statutory agent, **Director of Insurance, 2910 North 44th St., Second Floor, Phoenix, Arizona 85018**.

  b. All acts complained of NEW HAMPSHIRE herein were committed by NEW HAMPSHIRE directly, or under its supervision and direction.

  c. All acts complained of NEW HAMPSHIRE herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant NEW HAMPSHIRE.

  d. All acts complained of NEW HAMPSHIRE herein that were committed through any of its servants, employees, or agents, were also ratified by NEW HAMPSHIRE.

  e. NEW HAMPSHIRE is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of NEW HAMPSHIRE.

  f. NEW HAMPSHIRE is directly liable for breaches of its non-delegable duty of good faith and fair dealing committed by any its servants, employees, or agents.

4. Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("SEDGWICK") upon information and belief, is a corporation adjusting insurance claims made by Arizona employees on behalf of SEDGWICK for coverage under the Arizona Workers' Compensation Act, A.R.S. § 23-901, *et seq.*  Sedgwick conducts business in Maricopa County, Arizona.

  Service of process may be effected on SEDGWICK by certified mail, return receipt requested, to its registered agent **C T Corporation System, 2390 E Camelback Rd.,**

**Phoenix, Arizona 85016**.

b. SEDGWICK is directly liable for its own acts and omissions insofar as SEDGWICK aided and abetted Defendant New Hampshire in its violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Mr. B. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust*, 38 P.3d, 12 (Ariz. 2002).

c. All acts complained of SEDGWICK herein were committed by SEDGWICK directly, or under its supervision and direction.

d. All acts complained of SEDGWICK herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant SEDGWICK.

e. All acts complained of SEDGWICK herein that were committed through any of its servants, employees, or agents, were also ratified by SEDGWICK.

f. SEDGWICK is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of SEDGWICK.

5. Defendant Shirin Chowdhury ("Ms. Chowdhury"), upon information and belief, is a natural person, working and residing in Colorado. Ms. Chowdhury may be served by service upon her to **Shirin Chowdhury, 9908 Prairie Falcon Ct Highlands Ranch, CO 80130-3819.**

a. Ms. Chowdhury is personally liable for her own acts and omissions insofar as she aided and abetted Defendants New Hampshire in its violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Mr. Braverman. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust*, 38 P.3d, 12 (Ariz. 2002).

6. Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S") was and is a North

Carolina Corporation authorized to do and in fact doing business in Maricopa County, Arizona.

a. Service of process may be effected on LOWE'S by certified mail, return receipt requested, through the Corporation Service Company, its statutory agent, **2338 W Royal Palm Rd STE- J, Phoenix, AZ 85021**.

b. All acts complained of LOWE'S herein were committed by LOWE'S directly, or under its supervision and direction.

c. All acts complained of LOWE'S herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant LOWE'S.

d. All acts complained of LOWE'S herein that were committed through any of its servants, employees, or agents, were also ratified by LOWE'S.

e. LOWE'S is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of LOWE'S.

## II. VENUE & JURISDICTION

7. Venue is proper in Maricopa County under Arizona Revised Statute 12-401(18), as a substantial part of the events or omissions giving rise to the cause of action herein occurred in Maricopa County. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Maricopa County, Arizona and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Maricopa County, Arizona. Moreover, the injury giving rise to Mr. Braverman's workers' compensation claim occurred in Maricopa County, Arizona. In addition, investigation, including communications to and from Defendants, Plaintiff (including telephone calls, mailings, and other communications to Plaintiff), and Plaintiff's medical providers occurred in Maricopa County, Arizona. Maricopa County, Arizona, is also where Mr. Braverman sought medical treatment for

his on-the-job injuries. Further, all filings and proceedings before the Industrial Commission of Arizona, occurred in Maricopa County, Arizona.

8. Jurisdiction in the Superior Court of the State of Arizona is proper and non-removable because Patterson's injury arises out of the workers' compensation laws of Arizona. 28 U.S.C. § 1441(c); *see e.g. Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). In the event of a wrongful removal, Plaintiff will be entitled to seek attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

## III. FACTUAL BACKGROUND

9. This suit is necessary to collect a legal debt and damages due and owing Mr. Braverman because of Defendants' wrongful acts in handling of his claim for an on-the-job injury. The Defendants, individually and/or collectively, have engaged in conduct that wrongfully denied and/or unreasonably delayed payment of workers' compensation benefits for workplace injuries sustained by Mr. Braverman.

10. Mr. Braverman, a loyal and hard-working employee of Lowe's, was injured in the course and scope of his employment on or about January 17, 2014.

11. Upon receiving Mr. Braverman's workers' compensation claim, NEW HAMPSHIRE and SEDGWICK placed Ms. Chowdhury as the adjuster in charge of processing Mr. Braverman's workers' compensation claim. In processing Mr. Braverman's claim, Ms. Chowdhury first emailed Mr. Braverman, denying his benefits on February 4, 2014 because the injuries were "pre-existing." Exhibit "A." In addition, Shirin caused to be filed a Notice of Claim Status form with the Industrial Commission of Arizona, Claims Division, which created the direct result of ceasing and denying medical and income benefits to Mr. Braverman. *See* Exhibit "B," Notice of Claim Status, dated February 25, 2013. In all, SEDGWICK and Ms. Chowdhury failed to conduct a reasonable investigation and adjust Mr. Braverman's workers' compensation claim

to ensure Mr. Braverman would receive the medical, financial, and other benefits to which he was entitled as a beneficiary of the workers' compensation promised to the employees of Lowe's, and without a reasonable basis or adequate investigation, NEW HAMPSHIRE chose to continue to deny timely payment of the insurance benefits to which Mr. Braverman was entitled.

12.     Because of the unreasonable and inadequate investigation, NEW HAMPSHIRE, instead refused to issue payments and benefits owed to Mr. Braverman. *See* Exhibit "A," Notice of Claim Status Denying Benefits dated March 7, 2014 *see also* A.R.S. § 23-963.01 (B) ("Any compensable claim for benefits shall be paid by the carrier."). As a direct result, Mr. Braverman was forced to hire and pay a lawyer to help him secure the workers' compensation benefits to which he was entitled. After proceeding through all preliminary proceedings before the Industrial Commission of Arizona, Mr. Braverman was able to secure the long overdue benefits by New Hampshire. *See* Exhibit "C," Award Dated May 5, 2014. This Award exhausted all available administrative remedies for Mr. Braverman. Yet, even after the ICA found the injury compensable, Defendants have continued to fail to pay for Braverman's medical bills.

13.     The Defendants' wrongful conduct includes the following acts or omissions:

a.     Failure to conduct a reasonable investigation of the events and facts relating to Mr. Braverman's claim;

b.     Failure to timely recognize and acknowledge the nature and extent of Mr. Braverman's compensable injury;

c.     Failure to accept the undisputed evidence regarding Mr. Braverman's claim;

d.     Denial of the existence and/or extent of injury without the input of competent individuals with appropriate medical training;

e.     Creation of pretextual reasons to deny and/or delay payment of Mr. Braverman's claim and engagement in an "outcome-driven" approach to his claim;

f. Ignoring and refusing to consider information favorable to Mr. Braverman's claim for workers' compensation benefits; and

g. Failure to ensure that the industry's best practices were applied consistently with regard to Mr. Braverman's claim.

14. Unfortunately, NEW HAMPSHIRE, SEDGWICK, and Ms. Chowdhury's delay and imposition of severe economic distress and delayed payment of benefits and medical treatment had reasonably anticipated consequences on Mr. Braverman from which he is still fighting to recover. Given the repeated delays of payment for his necessary medical care and other benefits, Mr. Braverman has been subjected to significant economic impact, humiliation, worry, distress, and continuing economic and physical damage.

15. To further add insult to injury, as a result of his workers' compensation claim, Lowe's created a hostile environment in an attempt to force Braverman to quit his employment with Lowe's. After Braverman filed his claim for workers' compensation, Lowe's continually assigned Mr. Braverman to work outdoors for extended hours in extreme heat despite knowing that Mr. Braverman had a bee sting allergy and would be exposed to allergic reactions outdoors. Mr. Braverman reported these issues to his supervisors multiple times. In response, Lowe's asked Mr. Braverman when he would stop pursuing his workers' compensation claim. After months of no change, Mr. Braverman could no longer bear working in the heat or the increased potential for allergic reaction. In sum, Lowe's intentionally created working conditions that were so intolerable or aggravated at the time of the Braverman's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign

16. The Industrial Commission of Arizona retains jurisdiction to determine medical and disability benefits payable under the Arizona Workers' Compensation Act. But jurisdiction for Mr. Braverman's general damages arising from the wrongful conduct of Defendants is wholly separate

from the relief accorded under the Arizona Workers' Compensation Act and is vested in this Court. Consequently, the significant effect of Defendants' wrongful and unjustified delay is still uncompensated.

## IV. FIRST CLAIM FOR RELIEF— BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AS TO DEFENDANTS NEW HAMPSHIRE AND SEDGWICK

17. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-16, of this Petition as if fully set forth herein.

18. Defendants have committed violations of the Arizona Workers' Compensation Act and their other duties under the laws of the State of Arizona arising from their obligations under the Arizona Workers' Compensation Act and the contract of insurance for which Defendants provided workers' compensation insurance coverage to Mr. Braverman.

19. NEW HAMPSHIRE, as Mr. Braverman's workers' compensation insurer, had a non-delegable duty to deal fairly and in good faith with Mr. Braverman in the processing of his workers' compensation claim.

20. SEDGWICK as the third party administrator for Mr. Braverman's claim for workers' compensation benefits owed a duty to deal fairly and in good faith with Mr. Braverman in the processing of his workers' compensation claim because it controlled Mr. Braverman's medical care and financial payments. In addition, Sedgwick and New Hampshire are jointly liable because Sedgwick and New Hampshire formed a joint venture in the handling of Mr. Braverman's claims and acted together in bad faith.

21. NEW HAMPSHIRE and SEDGWICK breached this duty by refusing to properly investigate and effectively denying necessary medical care and other benefits, without any reasonable basis to do so.

22. NEW HAMPSHIRE and SEDGWICK knew or should have known that there was no

reasonable basis for denying or delaying the required benefits. New Hampshire and Sedgwick's liability is based on the actions of its agents, and also on its own actions, including the refusal to pay a legitimate claim, relying on an unreasonable evaluation and investigation, and delegating claims handling authority despite knowing the claim was denied with no reasonable basis. *See e.g.* A.R.S. § 23-963.01 (B) ("Any compensable claim for benefits shall be paid **by the carrier**.") (emphasis added).

23.     Defendants' acts and omissions include, but are not limited to, the following:

a.     Intentionally denying workers' compensation benefits without a reasonable basis for such denial;

b.     Knowingly terminating workers' compensation benefits without a reasonable basis for such action;

c.     Failing to perform an adequate and reasonable investigation or evaluation to determine whether any termination of benefits was supported by a reasonable basis;

d.     Unreasonably interpreting Defendants' obligations under the Arizona Workers' Compensation Act to arbitrarily and capriciously delay, decrease, and deny benefits owed to Mr. Braverman;

e.     Abusing the litigation process and procedures of the Industrial Commission of Arizona as a tool to delay, decrease, and deny benefits owed to Mr. Braverman;

f.     Needlessly compelling Mr. Braverman through administrative litigation to receive benefits under his workers' compensation insurance policy;

g.     Delaying, decreasing, and denying benefits to Mr. Braverman with the intent to cause him to accept a compromised amount of the benefits that should have been due and owing under his workers' compensation insurance policy;

h. Failing to adopt and implement reasonable standards for investigating and evaluating benefits due to Mr. Braverman under his workers' compensation insurance policy;

i. Placing the financial interests of Defendants above the interests Mr. Braverman, NEW HAMPSHIRE and Sedgwick's insured.

24. SEDGWICK and NEW HAMPSHIRE's acts and omissions, including those described in paragraphs 9-21, *supra*, violate the common law duties of good faith and fair dealing owed to Mr. Braverman, its insured.

25. As a direct and proximate result of the conduct of Defendants described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## V. SECOND CLAIM FOR RELIEF—AIDING AND ABETTING NEW HAMPSHIRE'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES INC.

26. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-25, of this Petition as if fully set forth herein.

27. The acts and omissions of SEDGWICK were performed by it in its individual capacity and as an agent for NEW HAMPSHIRE. Such acts and omissions were within the scope of its actual authority, express authority, implied authority, or apparent authority.

28. SEDGWICK knew that, after an adequate investigation, Plaintiff's claim was not fairly debatable, that NEW HAMPSHIRE denied or delayed Plaintiff's claim without a reasonable basis, and that NEW HAMPSHIRE knew or recklessly disregarded the lack of a reasonable basis for denying Plaintiff's claim.

29. SEDGWICK substantially assisted or encouraged NEW HAMPSHIRE in delaying or denying the claim without a reasonable basis.

## VI. THIRD CLAIM FOR RELIEF—AIDING AND ABETTING NEW

**HAMPSHIRE'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT SHIRIN CHOWDHURY**

30. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-29, of this Petition as if fully set forth herein.

31. The acts and omissions of Ms. Chowdhury were performed by her in her individual capacity and as an agent for NEW HAMPSHIRE and SEDGWICK. Such acts and omissions were within the scope of her actual authority, express authority, implied authority, or apparent authority.

32. As an adjuster for workers' compensation claims in the State of Arizona, Ms. Chowdhury is subject to individual liability for her actions, independent of employment with NEW HAMPSHIRE or SEDGWICK. Ms. Chowdhury's licensure as an adjuster imputes upon her personal responsibilities and obligations, both independent of and in conjunction with her employment with NEW HAMPSHIRE or SEDGWICK.

33. Ms. Chowdhury knew that, after an adequate investigation, Mr. Braverman's claim was not fairly debatable, that NEW HAMPSHIRE delayed and denied Mr. Braverman's claim without any reasonable basis, and that NEW HAMPSHIRE knew or recklessly disregarded this lack of a reasonable basis to delay and deny Plaintiff's claim.

34. Ms. Chowdhury thus substantially assisted or encouraged NEW HAMPSHIRE in delaying or denying Mr. Braverman's on-the-job injury claim, without any reasonable basis.

35. Ms. Chowdhury's conduct to aid and abet NEW HAMPSHIRE resulted in the delay and denial of insurance benefits to Mr. Braverman and, ultimately, in the damages sustained by Mr. Braverman.

36. Because of Ms. Chowdhury's acts and omissions to aid and abet NEW HAMPSHIRE, she is individually, as well as jointly and severally, liable for Plaintiff's damages. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002).

37. As a direct and proximate result of the conduct of Ms. Chowdhury described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## VII. FOURTH CLAIM FOR RELIEF— RETALIATORY TERMINATION AS TO DEFENDANT LOWE'S

38. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-37, of this Petition as if fully set forth herein.

39. Arizona law provides a cause of action for retaliatory termination against a worker injured on-the-job. Ariz. Rev. Stat. § 23-1501(3)(c)(iii). Defendant LOWE'S knew of Mr. Braverman's compensable on-the-job injury. LOWE'S responded to Mr. Braverman's injury by intentionally creating working conditions that were so intolerable or aggravated at the time of Braverman's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

40. Lowe's intentionally created these working conditions as a result of his on-the-job injury and resulting claim for lawful benefits.

41. As a direct and proximate result of the conduct of Defendants described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## VIII. FIFTH CLAIM FOR RELIEF—PUNITIVE DAMAGES

42. Plaintiff re-alleges and incorporates by reference the allegations of ¶¶ 1-41, of this Petition as if fully set forth herein.

43. Defendants acted intentionally, fraudulently, and with malice (as that term is legally defined) in denying Mr. Braverman's claim for workers' compensation benefits.

44. Defendants' conduct constituted aggravated, malicious, and outrageous conduct in conscious disregard to Mr. Braverman's rights, physical health, and financial condition.

45. Defendants' conduct when viewed objectively from its standpoint at the time of its occurrence involved an extreme degree of risk to Mr. Braverman, considering the probability and

magnitude of the potential harm to Mr. Braverman. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Mr. Braverman.

## IX. PRAYER FOR RELIEF

Plaintiff respectfully prays that he have judgment entered against Defendants and for an award of damages as follows:

a. For compensatory damages for physical pain and suffering, mental and emotional distress, anxiety, and all other general damages alleged and proved at the time of trial;

b. Punitive and exemplary damages in an amount appropriate to punish and set an example of the Defendants, and in such an amount that will discourage Defendants and others from such conduct against other insureds in the future;

c. Recovery of expert witness fees;

d. Recovery of attorney fees;

e. Taxable costs incurred herein;

f. Pre- and post-judgment interest; and

g. For all such other and further relief, at law or in equity, to which GREGG BRAVERMAN may be entitled.

Dated this 13th day of October, 2014.

Respectfully submitted,

**DOYLE RAIZNER LLP**

MICHAEL PATRICK DOYLE
State Bar No. 029400

PATRICK M. DENNIS
State Bar No. 029533
KEVIN WEIN
State Bar No. 022752
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF GREGG BRAVERMAN**

# 3

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
T. Hays, Deputy
10/16/2014 10:15:00 AM
Filing ID 6177269

Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

GREGG BRAVERMAN,

Plaintiff,

v.

NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC;

Defendants.

Case No. CV2014-012593

**CERTIFICATE OF COMPULSORY ARBITRATION**

The undersigned certifies that this case is not subject to Rule 72(b), Arizona Rules of Civil Procedure, because the amount in controversy exceeds the jurisdictional limit.

Dated this 15th day of October, 2014.

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126♦ Phoenix, AZ 85016
Phone: 480 447 2494 ♦ Fax: 480 685 5005

Respectfully submitted,

**DOYLE RAIZNER LLP**

MICHAEL PATRICK DOYLE
State Bar No. 029400
PATRICK M. DENNIS
State Bar No. 029533
KEVIN WEIN
State Bar No. 022752
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF GREGG BRAVERMAN**

**4**

Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiff*

OCT 21 2014 FILED 4:23 pm

MICHAEL K. JEANES, Clerk
By
Deputy

ORIGINAL

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126♦ Phoenix, AZ 85016
Phone: 480 447 2494 ♦ Fax: 480 685 5005

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

GREGG BRAVERMAN,

Plaintiff,

v.

NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC;

Defendants.

Case No. CV 2014-012593

**SUMMONS FOR NEW HAMPSHIRE INSURANCE CO**

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

**THE STATE OF ARIZONA TO:**

**NEW HAMPSHIRE INSURANCE CO**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within thirty (30) days after the service of the Summons and

Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, Maricopa Courthouse, 201 W. Jefferson, Phoenix, AZ 85003.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorneys are:

Jeffrey L. Raizner (# 029276)
Michael P. Doyle (#029400)
Kevin Wein (#022752)
Andrew P. Slania (#029350)
DOYLE RAIZNER, LLP
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Ph: (480) 447-2494
Fax: (480) 685-5005

SEAL OF THE SUPERIOR COURT OF THE COUNTY OF MARICOPA — CLERK OF THE SUPERIOR COURT

SIGNED AND SEALED THIS DATE: OCT 14 2014

CLERK: ~~MICHAEL K. JEANES, CLERK~~

DEPUTY CLERK: K. Kee
Deputy Clerk

**5**

Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiff*

OCT 21 2014 FILED 4:23 pm
MICHAEL K. JEANES, Clerk
By [signature] Deputy

P. Roe
Deputy Clerk

ORIGINAL

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

GREGG BRAVERMAN,

Plaintiff,

v.

NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC;

Defendants.

Case No. CV2014-012593

**SUMMONS FOR SEDGWICK CLAIMS MANAGEMENT SERVICES**

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

**THE STATE OF ARIZONA TO:**

**SEDGWICK CLAIMS MANAGEMENT SERVICES**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. If served out of the state of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126♦ Phoenix, AZ 85016
Phone: 480 447 2494 ♦ Fax: 480 685 5005

appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made. R.C.P. 4; A.R.S. Section 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. R.C.P. 10(d); A.R.S. Section 12-311; A.R.C.P. 5

A copy of the pleading being served may be obtained from the Clerk of the Superior Court, Maricopa Courthouse, 201 W. Jefferson, Phoenix, AZ 85003.

**YOU ARE HEREBY NOTIFIED** that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorneys are:

Jeffrey L. Raizner (# 029276)
Michael P. Doyle (#029400)
Kevin Wein (#022752)
Andrew P. Slania (#029350)
DOYLE RAIZNER, LLP
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Ph: (480) 447-2494
Fax: (480) 685-5005

SUPERIOR COURT — CLERK OF THE — SEAL OF THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA

SIGNED AND SEALED THIS DATE: OCT 14 2014

CLERK: MICHAEL K. JEANES, CLERK

DEPUTY CLERK: [signature] K. Kee Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

CORRECTED
By Clerk of the Court

MICHAEL K. JEANES, CLERK
BY KKee DEP
FILED
14 OCT 14 PM 1:38

Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiff*

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126♦ Phoenix, AZ 85016
Phone: 480 447 2494 ♦ Fax: 480 685 5005

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

GREGG BRAVERMAN,

Plaintiff,

v.

NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTERS, LLC;

Defendants.

Case No. ~~CV2014-012592~~
CV2014-012593

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and of the State of Arizona and preserved by the sacrifices of many.

Dated this 13th day of October, 2014.

Respectfully submitted,

**DOYLE RAIZNER LLP**

MICHAEL PATRICK DOYLE
State Bar No. 029400
PATRICK M. DENNIS
State Bar No. 029533
KEVIN WEIN
State Bar No. 022752
Phone: (480) 447-2494
Fax: (480) 685-5005
mdoyle@doyleraizner.com
pdennis@doyleraizner.com
kwein@doyleraizner.com

**ATTORNEYS FOR PLAINTIFF GREGG BRAVERMAN**

# 7

Doyle Raizner LLP
2929 E Camelback Rd
126
Phoenix, AZ 85016
(480) 447-2494

MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

14 OCT 21 PM 1:23

P. Roe
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

**GREGG BRAVERMAN,**
Plaintiff,

Case Number: CV2014-012593

vs.

**AFFIDAVIT OF SERVICE**

**NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTER, LLC,**
Defendant.

Received by HOT SHOT DELIVERY INC. on the 14th day of October, 2014 at 4:42 pm to be served on **New Hampshire Insurance Co., c/o Director Of Insurance, 2910 N 44th St, 2nd Floor, Phoenix, AZ 85018.**

I, Chris Estrada Badge No. MC-7394, being duly sworn, depose and say that on the **21st day of October, 2014** at **11:24 am, I:**

PERSONALLY: served by delivering a true copy of the **Summons for New Hampshire Insurance Co., Complaint, Demand for Jury Trial, Certificate of Compulsory Arbitration, (2 copies), Processing fee check** with the date and hour of service endorsed thereon by me to: **Amanda Buettner** as **Administrator Assistant III** for **Arizona Department of Insurance for New Hampshire Insurance Co.**, at the address of: **Director Of Insurance, 2910 N 44th St, 2nd Floor, Phoenix, AZ 85018**, and informed said person of the contents therein in compliance with state statutes and stating to me at the time of service that he/she is authorized to accept service of process.

Description of Person Served: Age: 40, Sex: F, Race/Skin Color: Caucasian, Height: 5'5, Weight: 180, Hair: Blonde, Glasses: N

I certify that I am over the age of 21, have no interest in the above action, and am a Licensed Process Server, within the county of Maricopa, State of ARIZONA, in good standing and am fully qualified to serve process in this cause.

"I Declare under Penalty of Perjury that the foregoing is true and correct".

Subscribed and Sworn to before me on the 21st day of October 2014 by the affiant who is personally known to me.

NOTARY PUBLIC

OFFICIAL SEAL
SHARIE L. LEE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 16, 2015

Chris Estrada Badge No. MC-7394
Licensed Process Server

HOT SHOT DELIVERY INC.
**236 East Pima Street**
**Suite 106**
**Phoenix, AZ 85004**
**(602) 277-4747**
Our Job Serial Number: DEK-2014001887
Ref: Braverman

ORIGINAL

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m



MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

14 OCT 21 PM 4:23

P. Roe
Deputy Clerk

Doyle Raizner LLP
2929 E Camelback Rd
126
Phoenix, AZ 85016
(480) 447-2494

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

**GREGG BRAVERMAN,**

Plaintiff,

vs.

**NEW HAMPSHIRE INSURANCE CO.; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; SHIRIN CHOWDHURY; LOWE'S HOME CENTER, LLC,**

Defendant.

Case Number: CV2014-012593

**AFFIDAVIT OF SERVICE**

Received by HOT SHOT DELIVERY INC. on the 14th day of October, 2014 at 4:42 pm to be served on **Sedwick Claims Management Services, c/o CT Corporation, 2390 E Camelback Rd, Phoenix, AZ 85016**.

I, Chris Estrada Badge No. MC-7394, being duly sworn, depose and say that on the **21st day of October, 2014** at **11:36 am**, I:

**PERSONALLY:** served by delivering a true copy of the **Summons for Sedgwick Claims Management Services, Complaint, Demand for Jury Trial, Certificate of Compulsory Arbitration,** with the date and hour of service endorsed thereon by me to: **Scott Whaley** as **Senior Corporate Operations Specialist** for CT Corporation, Statutory Agent for **Sedwick Claims Management Services** at the address of: **2390 E Camelback Rd, Phoenix, Az 85016** and informed said person of the contents therein in compliance with state statutes and stating to me at the time of service that he/she is authorized to accept service of process.

Description of Person Served: Age: 40, Sex: M, Race/Skin Color: Caucasian, Height: 5'8, Weight: 140, Hair: Black, Glasses: N

I certify that I am over the age of 21, have no interest in the above action, and am a Licensed Process Server, within the county of Maricopa, State of ARIZONA, in good standing and am fully qualified to serve process in this cause.

"I Declare under Penalty of Perjury that the foregoing is true and correct".

Subscribed and Sworn to before me on the 21st day of October, 2014 by the affiant who is personally known to me.

NOTARY PUBLIC

OFFICIAL SEAL
SHARIE L. LEE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 16, 2015

Chris Estrada Badge No. MC-7394
Licensed Process Server

HOT SHOT DELIVERY INC.
**236 East Pima Street
Suite 106
Phoenix, AZ 85004
(602) 277-4747**
Our Job Serial Number: DEK-2014001888
Ref: Braverman

ORIGINAL

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m